# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br>MN AIRLINES, LLC d/b/a<br>SUN COUNTRY AIRLINES,<br><br>            Debtor. | Case No. 08-35197 (RJK) |
| THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF MN<br>AIRLINES, LLC d/b/a SUN COUNTRY<br>AIRLINES,<br><br>            Plaintiff,<br>vs.<br><br>SUN MINNESOTA FOREIGN HOLDINGS,<br>LLC, SUN MINNESOTA DOMESTIC<br>HOLDINGS, LLC, SUN CREDIT, LLC and<br>WHITEBOX ADVISORS LLC,<br><br>            Defendants. | Adv. Pro. No. 10-03213 (RJK) |

## STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON CONDITIONAL CROSS APPEAL

As required by Fed. R. Bankr. P. 8006, Sun Minnesota Foreign Holdings, LLC; Sun Minnesota Domestic Holdings, LLC; and Sun Credit, LLC (collectively, the "Sun Entities"), and Whitebox Advisors LLC ("Whitebox" and together with the Sun Entities, the "Defendants") hereby state the issues and designate the record in their conditional cross appeal of the Bankruptcy Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss entered January 27, 2011 (Dkt. No. 12) (the "Order").

### STATEMENT OF ISSUES ON CONDITIONAL CROSS APPEAL

The Official Committee of Unsecured Creditors for MN Airlines, LLC ("Committee") has appealed the portions of the Bankruptcy Court's Order dismissing Counts I, II, III, V, VI, VII

and VIII of their Complaint. Defendants believe the Committee's appeal is premature because the Bankruptcy Court's Order does not resolve all claims against all parties and is therefore not a final, appealable order. Defendants believe the District Court should either dismiss the appeal *sua sponte* or request briefing on the issue of appellate jurisdiction.

If the District Court does not dismiss the appeal, however, Defendants cross appeal the portions of the Order denying their motions to dismiss the Committee's remaining claims. In particular, Defendants raise the following issues:

1. **Dismissal of Count IV for lack of valid judgment and failure to state a claim -** To assert a claim for disallowance of a claim under 11 U.S.C. § 502(d) a party must first obtain a valid judgment, and to assert a claim under 11 U.S.C. § 502(b)(1) a party must allege facts that a claim is unenforceable under some applicable law. The Committee does not have a valid judgment against the Defendants and alleged no facts that the Sun Entities' claim is unenforceable under any applicable law. Did the Bankruptcy Court err by denying the Defendants' request to dismiss Count IV under 11 U.S.C. § 502(d) because the Committee has not obtained a valid judgment against Defendants and failed to state a claim upon which relief could be granted under 11 U.S.C. § 502(b)(1)?

2. **Dismissal of Counts IX and XI for lack of a valid basis -** 11 U.S.C. § 105 does not create independent substantive rights that do not already exist under state law or the Bankruptcy Code. The Committee cites no independent basis under state law or the Bankruptcy Code for its claims in Counts IX and XI. Did the Bankruptcy Court err by denying the Defendants' request to dismiss Counts IX and XI because the Committee has not alleged a valid basis for the relief sought under 11 U.S.C. § 105?

3. **Dismissal of Count X for failure to state a claim for equitable subordination -** A party seeking equitable subordination of a claim under 11 U.S.C. § 510(c) must allege

2

fraudulent or inequitable conduct by the claimant. The Committee has failed to allege any facts that the Defendants engaged in any inequitable or fraudulent conduct, and instead relies on conclusory allegations. Did the Bankruptcy Court err by denying the Defendants' request to dismiss Count X for failure to state a claim upon which relief could be granted?

  **4.**   **Whitebox's status as a defendant -** The Committee failed to allege any facts that would make Whitebox liable on any of the claims asserted in the complaint. Did the Bankruptcy Court err by denying the Defendants' request to dismiss Whitebox as a party to the adversary proceeding?

## **DESIGNATION OF RECORD ON CONDITIONAL CROSS APPEAL**

The documents in the table below are designated to be included in the record in support of this appeal.

*Official Committee of Unsecured Creditors of MN Airlines, LLC v. Sun Minnesota Foreign Holdings, LLC, Sun Minnesota Domestic Holdings, LLC, Sun Credit, LLC and Whitebox Advisors LLC* (Adversary Proceeding No. 10-03213)

| Docket No. | Document Name |
|---|---|
| 1 | Complaint by Official Committee of Unsecured Creditors against Sun Minnesota Foreign Holdings, LLC; Sun Domestic Holdings, LLC; Sun Credit, LLC; and Whitebox Advisors LLC |
| 3 | Motion to Dismiss Adversary Proceeding filed by Sun Minnesota Foreign Holdings, LLC; Sun Domestic Holdings, LLC; Sun Credit, LLC; and Whitebox Advisors LLC |
| 6 | Opposition to Motion to Dismiss filed by Official Committee of Unsecured Creditors |
| 7 | Motion for an Order Authorizing the Official Committee of Unsecured Creditors to Pursue Claims on Behalf of the Estate of Debtor MN Airlines, LLC Nunc Pro Tunc to October 5, 2010 |
| 8 | Objection by Defendants Whitebox Advisers LLC; Sun Minnesota Foreign Holdings, LLC; Sun Domestic Holdings, LLC; and Sun Credit, LLC to Motion for an Order Authorizing the Official Committee to Pursue Claims on Behalf of the Debtor MN Airlines, LLC Nunc Pro Tunc to October 5, 2010 |

| | |
|---|---|
| 9 | Supplemental Objection by Defendants Whitebox Advisers LLC; Sun Minnesota Foreign Holdings, LLC; Sun Domestic Holdings, LLC; and Sun Credit, LLC to Motion for an Order Authorizing the Official Committee to Pursue Claims on Behalf of the Debtor MN Airlines, LLC Nunc Pro Tunc to October 5, 2010 |
| 10 | Exhibit 1 to Supplemental Objection by Defendants Whitebox Advisers LLC; Sun Minnesota Foreign Holdings, LLC; Sun Domestic Holdings, LLC; and Sun Credit, LLC to Motion for an Order Authorizing the Official Committee to Pursue Claims on Behalf of the Debtor MN Airlines, LLC Nunc Pro Tunc to October 5, 2010 |
| 12 | Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Adversary Proceeding: 1. Counts I, II, III, V, VI, VII and VIII of the complaint are dismissed. 2. The motion is denied as to Counts IV, IX, X and XI. |
| 17 | Transcript of Hearing Held on January 26, 2011 |
| 19 | Transcript of Hearing Held on December 1, 2010 |
| 20 | Notice of Cross Appeal filed by Defendants Whitebox Advisers LLC; Sun Minnesota Foreign Holdings, LLC; Sun Domestic Holdings, LLC; and Sun Credit, LLC |

Respectfully submitted,

Dated: March 9, 2011  FAEGRE & BENSON LLP

/e/ Christopher J. Harayda
Stephen M. Mertz
Michael F. Cockson
Aaron Van Oort
Leif T. Simonson
Christopher J. Harayda
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 766-7000

Attorneys for Sun Minnesota Foreign Holdings, LLC, Sun Minnesota Domestic Holdings, LLC, Sun Credit, LLC and Whitebox Advisors LLC

fb.us.6485188.02

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

MN AIRLINES, LLC d/b/a
SUN COUNTRY AIRLINES,

               Debtor.

Case No. 08-35197 (RJK)

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF MN
AIRLINES, LLC d/b/a SUN COUNTRY
AIRLINES,

               Plaintiff,

vs.

SUN MINNESOTA FOREIGN HOLDINGS,
LLC, SUN MINNESOTA DOMESTIC
HOLDINGS, LLC, SUN CREDIT, LLC and
WHITEBOX ADVISORS LLC,

               Defendants.

Adv. Pro. No. 10-03213 (RJK)

**CERTIFICATE OF SERVICE**

      Jessica Anderson of the City of Minneapolis, County of Hennepin, State of Minnesota, states under penalty of perjury that on March 9, 2011, she served the Statement of Issues and Designation of Record on Conditional Cross Appeal upon the following person(s) by placing a true and correct copy thereof in an envelope and arranging for the deposit of same, postage prepaid, in the United States Mails at Minneapolis, Minnesota:

Larry B. Ricke
Ricke & Sweeney P.A.
Suite 600, Degree of Honor Building
325 Cedar Street
St. Paul, MN 55101

Ravich Meyer Kirkman McGrath & Nauman
Michael L. Meyer, Esq.
4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Carole Neville
Louis Curcio
SNR DENTON LLP
1221 Avenue of the Americas
New York, New York 10020

    Parties who requested electronic service in these cases by Notice of Electronic Filing received service via ECF with the Bankruptcy Court in the District of Minnesota.

Dated: March 9, 2011                     */s/ Jessica Anderson*
                                                        Jessica Anderson